IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER KYLE PELTS                                                              PLAINTIFF

V.                                    CIVIL ACTION NO. 2:15-CV-2161-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                      DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The evidence reveals that the Plaintiff was involved in a serious automobile accident in July 2012. He was ejected from the vehicle and thrown 150 feet. As a result, the Plaintiff sustained a closed head injury, bilateral pulmonary contusions, a left renal laceration, a pancreatic tail contusion, a radial ulnar fracture, a scapular body fracture, a right hemopneumothorax, and a T8-T9 burst fracture. Both the T8-T9 burst fracture and the radial ulnar fracture required surgical intervention.

Dr. William Williams began treating Plaintiff shortly after the accident and documented headaches, chest pain, right knee pain, bilateral shoulder pain, numbness in the left hand, left arm

pain, back pain, chronic pain syndrome, depression, and seizures. In April 2013, Dr. Williams prepared a medical source statement assessing the following limitations:

- Lift and/or carry 20 pounds occasionally
- Lift and/or carry 10 pounds frequently
- Stand and walk about 3 hours during an 8-hour workday with normal breaks
- No sitting limitations
- Frequent changes in position due to chronic pain from thoracic vertebral fractures
- Reach, handle, and finger 1/3 of an 8-hour workday due to ocular nerve damage
- Would miss more than 4 days of work per week due to impairments or treatment for impairments

In June 2013, after receiving a more detailed form from Plaintiff's counsel, Dr. Williams assessed the following limitations:

- Sit for 30 minutes for a total of at least 6 hours per day
- Stand for 30 minutes and can stand/walk for a total of about 2 hours per day
- Periods of walking around during an 8-hour workday for 5 minutes every 30 minutes
- Will sometimes need to take 4-5 unscheduled breaks during an 8-hour workday lasting 5-10 minutes each
- Never lift 10 pounds or more
- Frequently look down, turn head right or left, look up, and hold head in a static position
- Rarely twist, stoop, crouch, and climb
- Will miss about 3 days of work per month

In September 2013, the Commissioner ordered a consultative orthopedic examination with Dr. David Oberlander. He documented marked spasms in the lower back region with a reduced range of motion, a broad based gait with limp and "obvious pain" that he noted to be "quite abnormal", the inability to tandem walk or heel walk, and the inability to safely perform the Romberg test. Dr. Oberlander also assessed the following limitations:

- Sit for 15 minutes for a total of 45 minutes in an 8-hour workday
- Stand and/or walk for 15 minutes for a total of 45 minutes
- Limitations sitting, standing, and walking due to back pain, abnormal gait, and fractures.
- Occasionally reach, handle, finger, grip, feel, and push/pull with his right hand secondary to back pain
- Never operate foot controls with either foot secondary to back pain and abnormal gait

- Never climb, balance, stoop, kneel, crouch, or crawl due to unsteady gait, fracture, and back impairment
- Never work near unprotected heights or moving mechanical parts
- Occasionally operate a motor vehicle, work in humidity and wetness; work near dust, odors, fumes, and pulmonary irritants, work in extreme heat or cold, and work involving vibrations
- Cannot walk a block at a reasonable pace on rough or uneven surfaces
- Cannot climb even a few steps at a reasonable pace with the use of a single hand rail

In spite of this evidence, the ALJ relied on two assessments from non-examining consultants, predating both Dr. Williams' and Dr. Oberlander's medical source statements. *See Wildman v. Astrue*, 596 F.3d 959, 967 (8th Cir. 2010) (opinions of non-examining physicians deserve little weight in the overall evaluation of disability). Accordingly, the Court finds that remand is necessary to allow the ALJ to reconsider the treating and examining source evidence in this case, and to reconsider the Plaintiff's RFC in light of this evidence.

IT IS SO ORDERED AND ADJUDGED on this the 12th day of August, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE