IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER PELTS                                                              PLAINTIFF


v.                              CIVIL NO. 2:15-cv-2161-MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                 DEFENDANT


**MEMORANDUM OPINION AND ORDER**


Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 17, 18. The matter is before the undersigned by consent of the parties. ECF No. 6.

**I.     Background:**

On October 28, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,281.40, representing a total of 26.00 attorney hours for work performed in 2015 at an hourly rate of $187.00, 7.50 attorney hours for work performed in 2016 at an hourly rate of $188.00, and $24.13 in postage expense. ECF No. 17, 18. On November 10, 2016, the Commissioner filed a response objecting to the number of attorney hours for which the Plaintiff seeks compensation. ECF No. 19. Plaintiff filed a reply on November 22, 2016, contending that she is entitled to compensation for all of the time requested. ECF No. 20.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request,

even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

**III.     Discussion:**

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 19. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified," and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

**A.     Administrative Tasks:**

The Defendant objects to 2.20 attorney hours expended between August 10 - 17, 2015, for a complete review of the file to determine if an appeal is warranted; a telephone call with the Plaintiff regarding his appeal and scheduling an office visit; a telephone call with the client rescheduling his office visit; and, an office visit with the Plaintiff at which time the appeal process was explained to him and all of the case initiation paperwork was drawn up and signed. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings, communicate

with her client regarding the appellate process, determine whether her client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court.

### B. <u>Clerical Tasks</u>:

Defendant also objects to a total of 1.95 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. ECF No. 19. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: preparation of the complaint, summonses, motion to proceed IFP, civil cover sheet, and correspondence to clerk and receiving and reviewing NEFs confirming the filing of the Cover Sheet, Complaint, Summons, Motion to Proceed *In Forma Pauperis*, and proof of service. Additionally, Plaintiff's motion for extension of time will not be compensated.

I also find that counsel is entitled to nominal time for the following tasks: preparing and signing the service letters, reviewing the scheduling order, reviewing the order scheduling oral argument, and preparing a motion to appear via telephone conference. These are routine, one-page documents that should take an attorney nominal time to review and/or prepare. Further, counsel's separate notification of contact phone number for oral argument filed after her request to appear via telephone will not be compensated, as this information could and should have been included in the motion to appear via telephone conference.

Lastly, counsel is not entitled to the .20 hours requested on August 12, 2015, for a telephone call to the Plaintiff rescheduling his appointment or .05 hours on August 17, 2017, confirming his appointment time.

Accordingly, Plaintiff's award will be reduced by 2.75 attorney hours.

### C. **Excessive Requests:**

The Commissioner contends that the time requested for the preparation of the complaint and the appeal brief is excessive and should be reduced. We have already deducted the time requested for drafting the complaint as a clerical task; however, we do not agree that the 20.60 attorney hours requested for the preparation of the brief in this case is excessive. As the Plaintiff has indicated, the transcript in this case is over 900 pages. Accordingly, Plaintiff will be awarded the full amount requested for the preparation of her brief.

The Court does, however, find that the .30 hours requested for reviewing the Order granting an extension of time to file the appeal brief is excessive and will be reduced by .25 hours.

### D. **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

### IV. **Conclusion:**

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$5,688.03** for 23.10 attorney hours for work performed in 2015 at an hourly rate of $187.00, 7.15 attorney hours for work performed in 2016 at an hourly rate of $188.00, and $23.29 in postage expense. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 3rd day of April, 2017.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE